61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Miguel P. PADERES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3579.
 United States Court of Appeals, Federal Circuit.
 July 14, 1995.
Rehearing Denied Aug 21, 1995.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Miguel P. Paderes (Paderes) petitions for review of the July 22, 1994, final decision of the Merit Systems Protection Board (Board), Docket No. SE0831940025-I-1, reversing the Administrative Judge's (AJ) initial decision which reversed the Office of Personnel Management's (OPM) reconsideration decision disallowing Mr. Paderes' application for annuity under the Civil Service Retirement System. We affirm.
 
 DISCUSSION
 
 2
 Mr. Paderes worked as a packer with the U.S. Navy, U.S. Naval Supply Depot, Subic Bay, Philippines. He served continually from September 1965 until September 1992 when he retired in lieu of removal upon the closing of the base at that time. Paderes served thereafter in a temporary appointment until November 20, 1992. On March 11, 1993, Paderes applied to the OPM for a retirement annuity under the CSRA.
 
 
 3
 The OPM found that Mr. Paderes was not entitled to an annuity because his service was not covered under the CSRA. The AJ reversed, finding that Paderes' service from September 1985 until September 1992 was under an excepted service appointment that was not limited to an indefinite appointment and, therefore, constituted covered service. Upon review, the full board reversed, finding that the AJ failed to fully consider the documentation. The full board determined that the record indicates that Paderes' employment was not covered by the CSRA, that he received retirement pay in accordance with a collective bargaining agreement, and that no deductions for retirement were made from his pay. In considering the record as a whole, the full board concluded that Mr. Paderes failed to carry his burden of showing that his service was covered by the CSRA.
 
 
 4
 Paderes also argues that this court's recent holding in Rosete v. OPM, 48 F.3d 514 (Fed.Cir.1995), that "temporary or intermittent" includes "indefinite" assignments is erroneous. This argument is without merit because "prior decisions of a panel of this court are binding precedent unless and until overturned in banc." Newell Companies v. Kenney Mfg. Co., 864 F.2d 757 (Fed.Cir.1988), cert. denied, 493 U.S. 814 (1989).
 
 
 5
 We must affirm decisions of the Board unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). After careful review of the record we find no reversible error in the full board's decision.